**L. G. HERRON, Appellant,**

v.

**CHOCTAW AND CHICKASAW NATIONS, Appellees.**
**No. 5175.**

United States Court of Appeals
Tenth Circuit.
Jan. 3, 1956.

Lloyd Story, Valliant, Okl., and Tom Finney, Tulsa, Okl., were on the brief, for appellant.

W. F. Semple, Tulsa, Okl., and Lynn Adams, Oklahoma City, Okl., were on the brief, for appellees.

Before BRATTON and HUXMAN, Circuit Judges, and CHRISTENSON, District Judge.

BRATTON, Circuit Judge.

The Choctaw and Chickasaw Nations or Tribes of Indians instituted this action against L. G. Herron to quiet title to a tract of land in McCurtain County, Oklahoma; to recover possession of the land; and to recover damages for the wrongful withholding thereof from plaintiffs. The defendant denied title and right of possession in plaintiffs; pleaded title in himself; and sought a decree quieting his title.

The litigation stemmed from this factual genesis. The land in controversy is known as Tract 269½ and contains 247.-66 acres. It is bounded on the north by the south line of the south half of the southeast quarter of section 10, in township 8 south, of range 22 east, and on the south by the Red River. In 1903, the south half of the southeast quarter of section 10 was allotted pursuant to plats based upon the Government survey of 1897; and the defendant owns such land as successor in interest to the allottees. At the time of the survey, a slender strip of unallotted land belonging to the Choctaw and Chickasaw Tribes and containing approximately 13 acres lay between the south line of the allotted 80-acre tract in section 10 and the river to the south. At the time of the issuance of the patents to the 80-acre tract in section 10, the river had moved northward, completely submerging the 13 acres of unallotted land; and the river then constituted the southern limits of the allotted land in section 10. After the issuance of the patents and prior to the institution of the action, the river gradually moved toward the south, withdrawing from the point where the unallotted land was situated; and the tract in controversy was builded up by accretion.

A decree was entered quieting title in plaintiffs to the entire tract in controversy, D.C., 130 F.Supp. 720. Thereafter, the parties filed in the cause a stipulation in which it was agreed that the north boundary of the lots composing the unallotted land to which plaintiffs asserted title extended only 36.69 chains west from the southeast corner of section 10; that at the time of the 1897 survey, the Red River was adjacent to and formed the south boundary of the south half of the southeast quarter of section 10 for the remaining 3.31 chains; and that by reason thereof, the defendant was entitled to all of the accretion which had accrued south of the west 3.31 chains of the south boundary line of the 80-acre tract of allotted land. Pursuant to the stipulation, an amended decree was entered quieting title in plaintiffs to the entire tract, except the part lying south of the west 3.31 chains referred to; quieting title in the defendant to the portion of the land lying south of such

west 3.31 chains; and awarding plaintiffs recovery in money for the withholding of the portion of the land belonging to them. The defendant appealed.

 The single contention urged for reversal of the judgment is that under the crucial facts about which there is no controversy all of the land involved in the action accreted to the 80-acre tract of allotted land owned by the appellant and therefore the accreted land is his property. Whatever the rule may be elsewhere, it is the law in Oklahoma that where because of inroads of a river riparian land is lost by erosion or becoming submerged but through subsequent change in the course of the river the water disappears and the land reappears, and the boundaries are susceptible of being definitely identified, title to the restored land is vested in the owner of the fee at the time the erosion or submerging occurred. Hunzicker v. Kleeden, 161 Okl. 102, 17 P.2d 384; Mapes v. Neustadt, 197 Okl. 585, 173 P.2d 442. The latter case was one involving avulsion of a river, but the general rule applicable to cases involving erosion or submerging of land was clearly recognized with unqualified approval.

Here the unallotted tract of approximately 13 acres was riparian. Due to inroads of the river, the land became completely submerged. Thereafter the river changed its course, the 13 acres of unallotted land was restored, and the remainder of the land in controversy was builded by accretion. And by use of recognized official maps and the making of a survey, the line between the 80-acre tract of allotted land in Section 10 and the 13-acre tract of unallotted land is easily susceptible of definite identity or establishment. Therefore, under the law of Oklahoma, title to the tract in controversy, less the small strip, is vested in the appellees. Hunzicker v. Kleeden, supra; Mapes v. Neustadt, supra.

Appellant relies entirely upon State of Oklahoma v. Texas, 258 U.S. 574, 42 S.Ct. 406, 66 L.Ed. 771. But each state determines for itself questions relating to the loss of land by erosion, submerging, or avulsion, and questions concerning the acquisition of land by accretion. Cf. Barney v. City of Keokuk, 94 U.S. 324, 337, 24 L.Ed. 224. In like manner, grants by the United States of public lands bounded by stream, made without reservation or restriction, are to be determined as to effect according to the law of the state in which the grant lies; and that general rule has application to the disposal of tribal lands of Indians under guardianship. United States v. Champlin Refining Co., 10 Cir., 156 F.2d 769, affirmed 331 U.S. 788, 67 S.Ct. 1346, 91 L.Ed. 1818.

The judgment is affirmed.