The CHOCTAW AND CHICKASAW NATIONS, Appellant,

v.

Myrtle COX, Appellee.

The CHOCTAW AND CHICKASAW NATIONS, Appellant,

v.

Joe CRAIN and Roxie Crain, Appellees.

Nos. 5702, 5703.

United States Court of Appeals
Tenth Circuit.

Jan. 21, 1958.

W. F. Semple, Tulsa, Okl. (Lynn Adams, Oklahoma City, Okl., was with him on the brief), for appellants.

Roy Paul, Durant, Okl. (Paul & Montgomery, Durant, Okl., were with him on the brief), for appellees.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

The trial and appeal of these two cases were consolidated as involving the same question of law and fact. In each action the Choctaw and Chickasaw Nations seek an adjudicated title to certain lands situated in Bryan County, Oklahoma, and accreted on the north bank of the Red River. The trial court found as a fact that appellees' record title, founded upon grants from the appellant Indian Nation, described riparian lands bounded by the Red River and that the Indian Nations had no valid claim to the accreted lands. We affirm the trial court's judgment.

For many decades prior to 1912 the Choctaw and Chickasaw Nations, by treaty with and patent issued by the United States, owned all the lands now claimed by the parties with the southern boundary being described as "south to the Red River and down the Red River to the Western boundary of the Territory of Arkansas."[1]  Certain of these lands were advertised by the Nations for sale beginning December 4, 1912; appellees' predecessors in interest were the highest bidders as to Tracts Nos. 279 and 279½ (presently the Cox land) and Tract No. 357 (now owned by the Crains). Patents to the lands were subsequently executed and delivered to the purchasers by the Chief of the Choctaws and the Governor of the Chickasaw Nation, and approved by the Secretary of the Interior on November 20, 1917. The lands were described by metes and bounds with designated acreage and without reference to the Red River. The acreage described and sold in the patents to the Cox land was considerably less than that originallly advertised as existing, the correction being made in all probability because of a complaint lodged by the patentee and confirmed by a survey made after sale. The lands now in dispute are not within the confines of the metes and bounds descriptions but lie between the southern lines thereof and the present bank of the Red River. As noted, these lands have accreted by the gradual recession of the river.

In 1950 a survey of the Red River bank was made and these accreted lands were for the first time recorded in the Land and Enrollment Records of the Choctaw and Chickasaw Nations as tribal lands. Upon this fact, coupled with emphasis upon the admitted fact that the accreted lands are not within the metes and

[1]. Patent issued March 23, 1842, as the result of the treaty concluded at Dancing Rabbit Creek, September 27, 1830. 7 Stat. 333.

bounds descriptions of the patents, appellants seek to sustain their claim. It is immediately apparent that neither fact demonstrates conditions existing at the time of original convey.ince. To the contrary, the evidence amply supports the finding of the trial court that the Nations conveyed lands intended to be riparian. Expert witnesses indicated the southern boundary of the platted ground followed a high bank of the Red River as it formerly existed; the loss in designated acreage between that originally advertised for sale by the Nations and that contained in the issued patent to the Cox land was stated to have been occasioned by erosion;[2] no claim, until the instant action, has ever been made by the Nations that riparian lands were not sold at the 1912 sale and the lands have been taxed as accreted lands for many years, those of Mrs. Cox since 1934.

 It is well settled law that a conveyance of lands bordered by a river and intended to be riparian, though the river boundary is described by metes and bounds, as here, carries with it all accreted lands. 60 Okl.Stat.Ann. 335. Littlefield v. Nelson, 10 Cir., 246 F.2d 956; Stone v. McFarlin, 10 Cir., 249 F.2d 54; Braddock v. Wilkins, 182 Okl. 5, 75 P.2d 1139, 1140, wherein the syllabus by the Court states the rule to be:

"When a conveyance of land by lot numbers contains a stated number of acres purporting to be conveyed, which stated acreage corresponds with the acreage within the meander line as it existed at the time of the government survey, such statement of the number of acres in no way limits the extent of the grant. The water course and not the meander line is the boundary, and, although the water course shifts and establishes a new water line away from the meander line as surveyed, such water line remains the boundary, and the conveyance describing the land by lot numbers conveys the land up to such shifting line exactly as it does up to the fixed side lines of the lots, and thereby conveys all accretions that exist at the time of the execution of the conveying instrument."

The rule pertaining to reappearing riparian lands as considered by this court in Herron v. Choctaw and Chickasaw Nations, 10 Cir., 228 F.2d 830, and relied upon by appellant, is patently inapplicable to the facts as determined by the trial court.

---

2. In Bradham v. United States, 10 Cir., 168 F.2d 905, the court found that an adjustment in price and acreage of Indian lands sold was intended to eliminate a strip of land between that sold and the river, leaving the eliminated land host to the river. The court found a contrary intent to govern in the instant case.